TRICOCHE, PLAINTIFF AND APPELLANT, *v.* MERCADO ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action for
Annulment, etc.

No. 2121.—Decided April 29, 1920.

PURCHASE AND SALE—FALSE NAME.—If a property is purchased under a false
name, the purchaser has a right to sell it under this pseudonym and no one
has a right to complain of such use of a false name unless he has been prej-
udiced thereby.

ID.—PLEADING.—María Antonia Tricoche sued Julio Mercado and others for the
annulment of a sale made to Julio Mercado by Francisco Rufino Tricoche, a
brother of the plaintiff, of an undivided one-half of a property which she
alleged belonged to José Rufino Tricoche, who, according to the pleadings,
died unmarried and left as his sole heirs the plaintiff and her said brother.
*Held:* That these facts do not constitute a cause of action, because Fran-
cisco Rufino, in selling an undivided one-half of the property, sold exactly
what belonged to him according to the theory of the complaint.

The facts are stated in the opinion.

*Mr. T. Torres Pérez* for the appellant.

*Mr. G. Rodríguez* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

María Antonia Tricoche is the complainant and appel-
lant. All the questions involved in this case depend upon
the legal relations existing between herself and her two

brothers, whose names for the moment we do not mention because this nomenclature is one of the principal questions involved in the appeal.

Complainant alleged that on the 22nd of March, 1893, her brother José Rufino Tricoche bought of José Laboy a farm of about three acres located within the jurisdiction of the District Court of Ponce; that this purchase was set forth by deed; that the said José Rufino Tricoche was in possession of the said farm until his death in 1895; that upon his death his sole and universal heirs were the complainant and Francisco Rufino Tricoche; that in 1912 the said Francisco Rufino Tricoche, by deed No. 51, executed on June 6, 1912, before notary Gustavo Rodríguez, and pretending to be his predeceased brother, sold an undivided half of the property to defendant Julio Mercado, and the complaint concludes by asking for the annulment of said sale, inasmuch as it was not made by the true owner of the property, but by the brother Francisco Rufino Tricoche. The court below rendered judgment in favor of the defendants.

The appellees ask that the judgment be affirmed on two grounds: First, because the complaint as amended at the trial did not state a cause of action and, second, because the weight of the evidence was with the defendants from any view of the case, as such weight was decided by the court below.

For convenience in the development of the facts we shall treat the second question first.

In discussing the proof the court very properly found that the true issue in the case was the ownership of the property sold to defendant Julio Mercado. The court also found that the surnames of both brothers were "Tricoche y Arroyo" and that the second given name of each one was "Rufino"; that one of these brothers (José) was known by the nickname of "Tifé" and the other (Francisco) as "Pingo"; that it was satisfactorily proved that the person who bought

the property of José Laboy on the 22nd of March, 1893, and who possessed it as the owner was the brother known as Pingo.

The appellant maintains that. there is no conflict in the proof, but we find a very essential disparity between the witnesses of the complainant and those of the defendants. The deed, it is true, was made out to José Rufino Tricoche and the principal witness for the complainant said that Francisco Rufino Tricoche, known as Pingo, gave the said witness a power of attorney in the name of Francisco Rufino Tricoche to sell the property in question; that the power of attorney was made out in the name of Francisco Rufino Tricoche and subsequently, to meet the situation, changed to a power of attorney in the name of José Rufino Tricoche, both powers of attorney being made out by the said Francisco Rufino Tricoche. The witness gave some slight verbal evidence from which an inference might be made that Francisco Rufino Tricoche, who died in 1913, or before the suit was brought, knew that his name was not José, and other like testimony which might perhaps tend to prove that the said Francisco Rufino Tricoche was simulating his dead brother.

To take the principal question first. As found by the court, there is no possible doubt that the person who bought the property was the one more generally known as Francisco Rufino Tricoche, or Pingo. The deed recited that he was married and the proof tended to show that his brother, known as José, or "Tifé", was never married; that the latter was a person of irresponsible habits and never owned or possessed the land or had anything to do with it.

The answer set up that the brother described as "Pingo" was indifferently known by the name of "Francisco" or "José" and there was proof tending to show this fact. Even if doubt should be cast upon the existence of persons some of whom knew of Pingo as "José" and others as "Fran-

cisco'', yet it is undisputed that the original deed itself
was made out to ''José Rufino Tricoche'' and that the scriv-
ener thought that José was the name of the man to whom
the deed was made, but, as we have stated, the real owner
was the man who was generally known as ''Pingo.''   Both
of the brothers were illiterate, which throws some light on
the confusion of names.

As a matter of law, if a piece of property is sold to one
under a false name, the person to whom the property is
sold has a right to sell it under this pseudonym.   In any
event, no one has a right to complain of such alleged use
of a false name unless he or she has been in fact prejudiced
by such use.   As José Rufino Tricoche, known as ''Tifé,''
never acquired any right, interest or title to the property,
his sister had no interest in the land and no right to attack
the deed made by her brother ''Pingo'' with the name of
José Rufino Tricoche.

The complaint, as originally drawn, alleged that the deed
of 1912, purporting to be from José Rufino Tricoche, was
made by an unknown person describing himself to be the
said José Rufino Tricoche.   The appellee concedes that, as
the complaint was originally made out, it stated a cause of
action.   At the trial, however, the complainant amended her
complaint to make it state that Francisco Rufino Tricoche
sold an undivided half interest in the property to Julio Mer-
cado.   On the supposition that José Rufino Tricoche, known
as Tifé, was the owner of this property and died unmarried,
leaving as his sole heirs, as the complaint alleges, his brother
Francisco Rufino Tricoche and his sister María Antonia
Tricoche, these two persons would be each entitled to a half
interest in the said property.   As, therefore, the conveyance
made by Francisco Rufino Tricoche to Julio Mercado was
exactly an undivided half interest, the said Francisco, under
such circumstances, would only be conveying what under
the theory of the complaint necessarily belonged to him.

Therefore we must also agree with the appellees that the complaint, as amended, failed to state a cause of action.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.